IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERESA ANN MARTINEZ, on behalf of
herself and all persons similarly situated,

    Plaintiff,

  v.

EXTRA SPACE STORAGE, INC.;
EXTRA SPACE MANAGEMENT, INC.;
and Does 1 through 100 inclusive,

    Defendants.

No. C 13-00319 WHA

**ORDER ON MOTION TO DISMISS**

## INTRODUCTION

In this putative class action against a storage facility for allegedly auctioning off belongings illegally, the storage facility has moved to dismiss the RICO claim and the class allegations for the claim under California Civil Code § 52.1. The motion is **GRANTED IN PART**.

## STATEMENT

In September 2009, plaintiff contracted with defendants to rent a storage space at their California facility. Plaintiff placed approximately $500 worth of belongings in the storage space. At an unspecified point, defendants determined that plaintiff was delinquent in paying her rent for the storage space. Defendants contracted with third-party auctioneers to auction plaintiff's belongings in early 2010. After the auction, defendants allegedly sent the auction

proceeds from California, where the auction occurred, to their corporate offices in Utah. Plaintiff alleges auctions and transfers were a regular practice.

In December 2012, plaintiff filed a putative class action in California state court; defendants removed here. Plaintiff alleges that the auction violated several provisions of California's Self-Service Storage Facility Act, California Business and Professions Code § 21700 et seq., and alleges a claim for conversion; two California claims under the Unfair Competition Act, California Business and Professions Code § 17200 et. seq, and under Interference with Statutory Rights, California Civil Code § 52.1; and one federal RICO claim, 18 U.S.C. 1962.

Defendants move to dismiss two of plaintiff's claims in the amended complaint for failure to state a claim under Rule 12(b)(6). Specifically, defendants assert that the federal RICO claim should be dismissed because the complaint fails to sufficiently allege conversion, causation, and the improper use of funds and that the class allegations to the Section 52.1 claim should be dismissed because the statute does not permit class actions. In preparation for oral argument, the Court requested authorities on whether the Section 52.1 claim applied to the action herein because the statute requires threats, intimidation, or coercion (Dkt. No. 30).

**ANALYSIS**

**1. RICO CLAIM.**

To state a civil RICO claim under 18 U.S.C. 1962(c), plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010). Plaintiff alleges the racketeering activity of interstate transportation of stolen property, 18 U.S.C. 2314 (Opp. 9). This offense covers "[w]hoever transports, transmits, or transfers in interstate . . . any . . . money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud." 18 U.S.C. 2314.

Defendants contend that the RICO claim fails because it omits to allege that defendants knowingly converted the funds, omits to allege causation, and omits to allege that defendants used the funds in their enterprise (Br. 9–13).

2

### A. Conversion.

Defendants contend that plaintiff's RICO claim should be dismissed because she fails to allege that defendants knew that the money had been stolen, converted, or taken by fraud. This order disagrees.

The complaint has alleged a claim of conversion against defendants (which defendants have not moved to dismiss). Specifically, the complaint alleges that defendants themselves wrongfully seized and sold her belongings by illegally auctioning them. In turn, the money from the auction, i.e., the fruits of the conversion were also converted and sent to Utah. Money that derives from converted property is actionable under Section 2314. *United States v. Lazarenko*, 564 F.3d 1026, 1035 (9th Cir. 2009). These allegations give rise to a plausible inference that defendants knew the funds were stolen or converted.

### B. Causation.

Defendants also contend that the complaint fails to show that the interstate transportation of money caused her injuries. This order disagrees.

Plaintiff may or may not have been delinquent in her rent. Even if she was delinquent, that default did not authorize defendants to convert her goods prematurely and without honoring the state statute. Riding roughshod over these statutory protections was the immediate cause of injury, that is, conversion by reason of premature unlawful seizure of the goods. True, that alone may not constitute a predicate act under RICO. But the subsequent transportation of the proceeds of the sale of the converted property to headquarters (in Utah) *was* a cause of injury, for the proceeds should have gone to plaintiff if anyone or at least held in trust for her until ownership could be sorted out. On the most plausible view of the pleading, a RICO violation has been pled, including causation. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 497 (1985). The complaint alleges an ongoing pattern of systematically converting goods of owner-occupants, auctioning off the goods, and transporting the proceeds to headquarters rather than providing them to the owner-occupants. This order does not reach the question of the extent to which the state law was in fact violated.

Because the complaint has established causation sufficient at the pleading stage, defendants' motion to dismiss the RICO claim is **DENIED**.

### C. Use of Funds.

In addition to alleging a claim under Section 1962(c), the complaint appears to allege a claim under Section 1962(a) as well (Amd. Compl. ¶ 73). Section 1962(a) prohibits

> any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . in which such person has participated as a principal . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in . . . operation of, any enterprise which is engaged in . . . interstate commerce.

To state a claim under Section 1962(a), the complaint must show that the investment harmed plaintiff differently than the racketeering activity. *Sybersound Records Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008). Defendant contends that the complaint has failed to make any allegations regarding defendants' investment of the alleged illegal funds, and this order agrees. To the extent that the complaint alleges a claim under Section 1962(a), it has failed to allege essential elements, and it is **DISMISSED**.

### 2. SECTION 52.1 CLAIM.

California Civil Code section 52.1 creates a private right of action when "a person . . . interferes by threats, intimidation, or coercion . . . with the exercise or enjoyment . . . of rights." Here, what were the threats, intimidation, or coercion? Plaintiff alleges that "[t]he use of locks and a forced sale constituted coercion" (Compl. ¶ 77). Neither party nor the Court has uncovered a decision holding our present circumstances constituted coercion. All that happened here (allegedly) was a deviation from otherwise lawful procedures. At the hearing, parties raised three decisions: *Venegas v. Cnty. of Los Angeles*, 32 Cal. 4th 820 (2004); *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947 (2012); and *Lara v. Cnty. of Santa Clara*, No. C 11-0607 2012 WL 3727271, at *6 n.2 (N.D. Cal. Aug. 27, 2012) (Judge Richard Seeborg). None of these decisions suggests that locks or a forced sale constitute "threats, intimidation, or coercion" under the statute. At the hearing, plaintiff's counsel noted that whether locking an occupant out of her storage unit before a lien sale constitutes coercion under the statute is a question of first impression. Because the complaint does not plausibly allege the required

4

element of "threats, intimidation, or coercion," plaintiff has failed to state a claim under Section 52.1, and it is **DISMISSED**.

Defendants move to dismiss the class action allegations of this claim as well. Because this order dismisses the Section 52.1 claim, this order does not reach whether the claim could support a class action.

## CONCLUSION

Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may move to file an amended complaint to cure the deficiencies set forth above by **APRIL 15, 2013**. Plaintiff shall include with her motion a copy of the proposed pleading and a memorandum detailing what has been added, deleted, and changed. The memorandum shall explain how the foregoing deficiencies have been cured. The motion shall be heard on a normal thirty-five-day track.

**IT IS SO ORDERED.**

Dated: April 4, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5