IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERESA ANN MARTINEZ, on behalf of
herself and all persons similarly situated,

    Plaintiff,

  v.

EXTRA SPACE STORAGE, INC., a
Maryland corporation, EXTRA SPACE
MANAGEMENT, INC., a Utah corporation,
and DOES 1 through 100, inclusive,

    Defendants.

No. C 13-00319 WHA

**ORDER DENYING
MOTION FOR JUDGMENT
ON THE PLEADINGS**

**INTRODUCTION**

In this putative class action, defendants move for judgment on the pleadings pursuant to Rule 12(c). For the reasons stated below, the motion for judgment on the pleadings is **DENIED**.

**STATEMENT**

Plaintiffs in this putative class action are Teresa Ann Martinez and Tiffany Curtis on behalf of "at least 1,000" others similarly situated (Second Amd. Compl. ¶ 7). Defendants are Extra Space Storage, Inc. and its wholly-owned subsidiary Extra Space Management, Inc., which operate and manage "self-service storage facilities." Defendants rented storage space to customers under terms in a written rental agreement. This agreement incorporated the default-and-lien sale provisions set forth in the Self-Service Storage Facility Act, California Business Practices Code Section 21700 et. seq. (*id.* at. ¶¶ 13–17). Perhaps believing that

plaintiffs had failed to make proper payments, defendants sold at auction or discarded the items left in the storage space in a manner that was in violation of the Act (*id.* at ¶¶ 17, 22). Plaintiffs assert claims for: (1) violations of California Business and Professions Code Section 17200; (2) conversion; and (3) violations of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. 1962(c).

Defendants now move for judgment on the pleadings only against plaintiff Martinez, claiming that Martinez is barred from asserting her claims by the doctrine of judicial estoppel, because she lacks standing, and because of a mutually agreed-upon contractual one-year statute of limitations clause. This order finds that these arguments present disputes as to issues of material fact, and therefore are not properly decided on a motion for judgment on the pleadings.

**ANALYSIS**

Our court of appeals has held that "[j]udgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012). Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Ibid.*

1.  **JUDICIAL NOTICE.**

Defendants submitted a request for the Court to take judicial notice of supporting documents alongside their motion for judgment on the pleadings (Dkt. No. 41). The court will take judicial notice of the rental agreement between plaintiff and defendants, as it is referred to on the face of the complaint. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). This order will also take judicial notice of the petition for Chapter 7 bankruptcy of Teresa Ann Martinez on August 1, 2012, the discharge of debtor Teresa Ann Martinez on November 5, 2012, and the docket history from the Martinez bankruptcy, case no. 2:12-bk-36431-BR. According to our court of appeals, a district court may consider "matters of general public record" whose authenticity cannot be questioned when assessing the legal

1  sufficiency of plaintiff's claims. *Ibid*. Defendants' request for judicial notice is thus **GRANTED**
2  with respect to these documents.

3  After plaintiff's counsel submitted a response, defendants proceeded to submit an
4  additional request for the Court to take judicial notice of documents alongside their reply brief
5  (Dkt. No. 49). These documents were intended to be in support of arguments that were *not*
6  raised in the original motion, but were newly raised in defendants' reply. Plaintiff was therefore
7  never given a proper opportunity to respond to these arguments. This order considers such
8  conduct to be sandbagging. As is clearly stated in this Court's local rules, "[r]eply declarations
9  are disfavored . . . Reply papers should not raise new points that could have been addressed in
10 the opening." Defendants' supplemental request for judicial notice is therefore **DENIED**.

**2.   JUDICIAL ESTOPPEL.**

Defendants argue that Martinez is barred from asserting her claims in this action by the doctrine of judicial estoppel because she failed to list them as contingent assets in her bankruptcy estate when she filed for bankruptcy in 2012. This order disagrees.

According to our court of appeals:

> Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. [The Ninth Circuit] invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of the judicial proceedings, and to protect against a litigant playing fast and loose with the courts.

*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

A district court may consider three factors in deciding whether to apply the doctrine: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether the court in the earlier lawsuit accepted the party's initial position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.* at 782–83. It may, however, "be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

3

Recently, our court of appeals broadly interpreted "inadvertence or mistake." "The relevant inquiry is not limited to the plaintiff's knowledge of the pending claim and the universal motive to conceal a potential asset . . . [t]he relevant inquiry is, more broadly, the plaintiff's subjective intent when filling out and signing the bankruptcy schedules." *Quin v. County of Kauai Dep't of Transp.*, 2013 WL 3814916, at *7 (9th Cir. 2013). There are no facts alleged in the pleadings or in the properly judicially noticeable documents that bear on Martinez's intent or motivation when filling out her bankruptcy schedules. With such a narrow factual record, this order will not find that judicial estoppel bars plaintiff's claims at this stage.

As was represented to the Court in the hearing on July 25, plaintiff has recently re-opened her bankruptcy and will amend her bankruptcy schedules. According to plaintiff's counsel, it is probable that the bankruptcy court will release the claims stated herein back to Martinez. Martinez will then be the bona fide owner of her claims against defendants, and will have standing to bring them on behalf of the class. There is no harm or undue delay in allowing plaintiff Martinez to amend her schedules, as this case will be proceeding along under plaintiff Curtis regardless. The bankruptcy court will decide whether to release the claims to Martinez, and this Court will proceed according to that decision. If this process drags on too long, however, we may have to take a different course.

Martinez's intent in failing to list her claims against defendants in her bankruptcy schedules is a disputed issue of material fact. Moreover, there is a workable solution to resolve this issue, which plaintiff has already set in motion by re-opening her bankruptcy. Defendants' motion for judgment on the pleadings on judicial estoppel grounds is therefore **DENIED**.

**3.    ONE-YEAR CONTRACTUAL STATUTE OF LIMITATIONS CLAUSE.**

In the alternative, defendants argue that plaintiff's claims are untimely because they are barred by the one-year contractual statute of limitations clause in the rental agreement. The contractual provision at issue states (RJN Exh. A, ¶ 22):

> Occupant agrees that no suit or cause of action or other proceeding shall be brought against Owner more than one (1) year after the accrual of the cause of action or one (1) year after the claim arises,

4

> whichever is shorter, whether known or unknown when the claim
> arises or whether based on tort, contract, or any other legal theory.

Absent the provision, the statutes of limitations for the Section 17200, conversion, and RICO claims are four years, three years, and four years, respectively. Cal. Bus. & Prof. Code § 17208; Cal. Civ. Proc § 338(c); *Rotella v. Wood*, 528 U.S. 549, 553 (2000).

Plaintiff argues that the clause is unenforceable because it is unconscionable. "[U]nconscionability has both a "procedural" and a "substantive" element, the former focusing on "oppression" or "surprise" due to unequal bargaining power, the latter on "overly harsh" or "one-sided" results . . . . [B]oth [must] be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1042 (9th Cir. 2001) (citations omitted).

Based on the pleadings and the representations made by counsel in the July 25 hearing, the rental agreement is a contract of adhesion. It therefore has one of the important features of procedural unconscionability. Since the applicable provision is in the same size and font as the rest of the contract, there is no obvious element of "surprise." Because, however, there is adhesion, the procedural unconscionability prong favors the plaintiff. *See Soltani*, 258 F.3d at 1043.

Turning to substantive unconscionability, a "paramount consideration" is mutuality. *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 657 (Cal. Ct. App. 2004). The one-year contractual statute of limitations clause is one-sided. Plaintiff cannot bring a claim after one year, but defendants are not similarly limited.

This order finds that plaintiff has therefore demonstrated important elements of both procedural and substantive unconscionability. This order will not decide merely on the pleadings, as the defendants request, that the provision is enforceable as a matter of law.

Defendants further argue that the one-year clause is enforceable because it is "reasonable" under California law. "California permits contracting parties to agree upon a shorter limitations period for bringing an action than that prescribed by statute, so long as the time allowed is reasonable." *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir. 1995) (citations omitted). "'Reasonable' in this context means the shortened period nevertheless provides

5

sufficient time to effectively pursue a judicial remedy." *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1430 (Cal. Ct. App. 2003).

Whether one year was a "reasonable" time for plaintiff to bring her claims against defendants depends on whether the "triggering event" that caused her injury "[was] immediate and obvious," as opposed to being "difficult to detect." *Moreno*, 106 Cal. App. 4th at 1430. At the very heart of plaintiff's SSFA claims in this action are disputed issues regarding how much notice was given to plaintiff prior to the lien sale, when that notice was given, and whether it was given appropriately. The facts that must be shown to establish whether plaintiffs could have reasonably discerned and brought her claims within one year therefore present disputed factual issues, which are inappropriate to decide on a motion for judgment on the pleadings.

**CONCLUSION**

For the above stated reasons, the motion for judgment on the pleadings is **DENIED.**

**IT IS SO ORDERED.**

Dated: July 26, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE