SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ROBERT S. BEALL, Cal. Bar No. 132016
RUBEN D. ESCALANTE, Cal. Bar No. 244596
ADRIENNE W. LEE, Cal. Bar No. 265617
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130
Email: rbeall@sheppardmullin.com
       rescalante@sheppardmullin.com
       alee@sheppardmullin.com

Attorneys for Defendants
EXTRA SPACE STORAGE INC. and EXTRA
SPACE MANAGEMENT, INC.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TERESA ANN MARTINEZ and TIFFANY CURTIS, on behalf of herself and all persons similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>EXTRA SPACE STORAGE INC., a Maryland corporation; EXTRA SPACE MANAGEMENT, INC., a Utah corporation; and Does 1 through 100 inclusive,<br><br>       Defendants. | Case No. C 13-00319 WHA<br><br>[Alameda Superior Court Case No. RG12659084]<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING INSPECTION OF TENANT FILES**<br><br>Complaint Filed: December 10, 2012 |

Plaintiffs Teresa Ann Martinez and Tiffany Curtis (collectively "Plaintiffs") and Defendants Extra Space Management, Inc. and Extra Space Storage Inc. (collectively "Defendants"), through their respective counsel of record, hereby stipulate as follows:

A. WHEREAS Plaintiff Martinez has propounded discovery seeking the inspection of documents relating to class members' tenancies including such class members tenant files (Request for Production No. 1);

B. WHEREAS Defendants have objected to such discovery on grounds such as the discovery is overbroad, harassing, burdensome, and seeks documents neither relevant to the subject matter of the instant litigation, nor reasonably calculated to lead to the discovery of admissible evidence; that it is vague and ambiguous, as it does not identify with particularity the specific document or category of documents being sought; that the request is vague and ambiguous and assumes facts, particularly as to whether the class members owned the property remaining in their units at the time of the lien sale or discarding; that it seeks documents protected by the attorney client privilege and/or the attorney work product doctrine; that it seeks documents protected from disclosure by the right of privacy; that it seeks documents that contain confidential and proprietary business information of Defendant; and that it is premature because no class has yet been certified, and such demand does not seek documents pertinent to issues of class certification;

C. WHEREAS the parties have agreed to a compromise on how to proceed with respect to the foregoing discovery; and

D. WHEREAS, pursuant to Local Rule 5-1(i), Jeffrey Wilens, Attorney for Plaintiffs, concurs in the filing of this document.

THEREFORE, Plaintiffs and Defendants, through their respective counsel of record, stipulate and agree as follows:

1. Defendants shall make up to 500 tenant files available for Plaintiffs' inspection at mutually agreeable times and dates at the law office of Sheppard, Mullin, Richter & Hampton, 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626, on a rolling basis (the "Sampling"), subject to Defendants right to challenge the propriety of the Sampling on any

-1-

1  grounds at any time upon providing Plaintiffs verbal or written notice, at which time the Sampling
2  will be suspended.  Plaintiffs and Defendants shall meet and confer regarding the time periods and
3  locations of the tenant files that are to be inspected as part of the Sampling; both parties must
4  agree to such characteristics as a condition of the tenant files being made available for inspection.
5  After providing written notice to the other party of their intention and desire to either continue or
6  discontinue the Sampling, either party may seek leave of court to continue or discontinue the
7  Sampling ten (10) days after providing such written notice by bringing a regularly noticed motion.
8        2.      Prior to the Sampling, Plaintiffs and their attorneys (except any attorney
9  who is a signatory to this Stipulation), agents, employees, and any other person purporting to act
10 on their behalf or their attorneys' behalf shall be given a copy of this order and sign a
11 Confidentiality Agreement in the form attached hereto as Exhibit 1, which Confidentiality
12 Agreement shall be retained by Plaintiffs and a true and correct copy sent to Defendants.
13       3.      As part of the Sampling, Plaintiffs and their attorneys, agents, employees,
14 and any other person purporting to act on their behalf or their attorneys' behalf (collectively,
15 "Plaintiffs"), shall not be permitted and shall not take, record, copy, derive, or memorialize any of
16 Defendants' tenants or class members' names, contact information, addresses, phone numbers,
17 financial information, social security numbers, driver's license numbers, or any information or
18 documents from which such information can be derived or discovered.  Plaintiffs shall be
19 permitted to record any given class member's facility name, facility number, facility address, unit
20 number, date and version number of lease, the content of communications with the tenant,
21 payment history, dates of various notices, types and version numbers of notices provided, dates of
22 publication, dates of sale, the amount of sale proceeds, and any deficiency balance; which
23 recording shall be treated as CONFIDENTIAL pursuant to the Court's previous protective order.
24 Plaintiffs shall provide to Defendants any work product created during the Sampling upon
25 reasonable request.  Unless otherwise agreed upon in writing or upon leave of court, Plaintiffs
26 shall not take, record, or copy any documents or other information as part of the Sampling.
27 Furthermore, Plaintiffs shall not contact any tenant or class member whose tenant file was
28 previously inspected, without leave of Court.  Defendants reserve the right to oppose Plaintiffs'

request for such leave. In the event a tenant initiates contact with Plaintiffs' counsel after the inspection of the file pertaining to that tenant, Plaintiffs' counsel will notify Defendants' counsel and inquire whether the tenant is one of those persons whose files were inspected. If Defendants' counsel confirms that is the case, Plaintiffs' counsel will seek consent of Defendants or leave of Court before continuing any further communications with the tenant. Violation of this provision by Plaintiffs and their attorneys, agents, employees, and any other person purporting to act on their behalf or their attorneys' behalf which has been demonstrated by a preponderance of the evidence, may, subject to the Court's discretion, result in severe sanctions including but not limited to contempt, monetary sanctions, evidentiary sanctions, issue sanctions, terminating sanctions, disqualification of Plaintiffs as the class representatives, disqualification of Plaintiffs' attorney as counsel and class counsel, and any other relief the Court believes is necessary to enforce the terms of this stipulation. Defendants reserve their right to seek any other relief as a result of any violation of this provision.

4. Plaintiffs can seek leave to obtain the names and contact information for the class members' whose files were inspected. Such leave must be sought or motion brought, if at all, pursuant to the Court's and Judge Alsup's local rules. Defendants reserve their right to oppose such a request or motion. In the event such request or motion is granted in part or whole, and Defendants do not appeal or seek ordinary relief from the Court's order granting such motion and obtain a stay, Defendants shall disclose the names and contact information for the class members in a way so that the tenant files previously inspected can be matched to the tenant's names and contact information without the necessity of a reinspection of the files. This "no contact" provision does not apply to contact initiated by Plaintiffs of any class member whose contact information is disclosed as a result of the Court's Order Compelling Discovery, dated August 15, 2013.

5. This Stipulation and Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary material. This Stipulation and Order shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

6. Insofar as the provision of this Stipulation and Order restrict the use or communication of any document or information produced hereunder, this Stipulation and Order shall continue to be binding after the termination of this action ~~and the Court may retain jurisdiction over all persons and parties bound by this Stipulation and Order for the purposes of its enforcement.~~

Dated: August 20, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
RUBEN D. ESCALANTE

Attorneys for Defendants
EXTRA SPACE STORAGE INC. and
EXTRA SPACE MANAGEMENT, INC.

Dated: August 29, 2013

THE LAKESHORE LAW CENTER

By _____
JEFFREY WILENS

Attorneys for Plaintiffs
TERESA ANN MARTINEZ and TIFFANY CURTIS

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: September 3, 2013

_____
THE HONORABLE
UNITED STATES

*IT IS SO ORDERED AS MODIFIED*
Judge William Alsup

-4-

**EXHIBIT 1 TO STIPULATION AND PROTECTIVE ORDER REGARDING INSPECTION OF TENANT FILES**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the foregoing Stipulation and Protective Order re Inspection of Tenant Files ("Protective Order").

I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court in the Northern District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____