IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA ANN MARTINEZ and TIFFANY CURTIS, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXTRA SPACE STORAGE, INC., a Maryland corporation, EXTRA SPACE MANAGEMENT, INC., a Utah corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C 13-00319 WHA<br><br>**ORDER GRANTING MOTION FOR DISMISSAL AS TO PLAINTIFF MARTINEZ UNDER FRCP 37(b)(2)** |

**INTRODUCTION**

In this putative class action plagued with resistance to proper discovery, defendants move to dismiss plaintiff Teresa Ann Martinez from the lawsuit with prejudice under Rule 37(b) of the Federal Rules of Civil Procedure due to her persistent refusal to submit to a deposition or obey court orders. For the reasons set forth below, the motion is **GRANTED**.

**STATEMENT**

In September 2009, plaintiff contracted with defendants to rent a storage space at their California facility. Plaintiff placed approximately $500 worth of belongings in the storage space. At an unspecified point, defendants determined that plaintiff was delinquent in paying her rent for the storage space. Defendants contracted with third-party auctioneers to auction plaintiff's belongings in early 2010. After the auction, defendants allegedly sent the auction proceeds from

California, where the auction occurred, to their corporate offices in Utah. Plaintiff alleges auctions and transfers were a regular practice.

In December 2012, plaintiff filed a putative class action in California state court; defendants removed here. Plaintiff alleges that the auction violated several provisions of California's Self-Service Storage Facility Act, California Business and Professions Code § 21700 et seq., and alleges a claim for conversion; two California claims under the Unfair Competition Act, California Business and Professions Code § 17200 et. seq, and under Interference with Statutory Rights, California Civil Code § 52.1; and one federal RICO claim, 18 U.S.C. 1962.

Defendants Extra Space Storage, Inc. and Extra Space Management, Inc. move by letter brief to dismiss plaintiff Martinez for failing to appear for her properly-noticed depositions a total of three times (Dkt. No. 79). On September 25, 2013, plaintiff's counsel was ordered by the undersigned judge to set a date on which Martinez would appear for her deposition (Dkt. No. 70). Plaintiff was warned that if she failed to appear for her third scheduled deposition, she would be dismissed from the lawsuit. Plaintiff's counsel was further ordered to pay $200 to defense counsel for his unexcused failure to appear at the discovery conference on that day to partially compensate for the waste of defense counsel's time. Following a meet and confer, the parties agreed that Martinez would appear for her deposition on Wednesday, October 9; she failed to do so yet again.

On October 16, plaintiff was ordered to show cause for her failure to attend the October 9 deposition (Dkt. No. 83). Martinez's response was due by Thursday, October 17 at 5 p.m. Now five days later, no response has yet been filed.

**ANALYSIS**

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure states in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default against the disobedient party*[.]

2

FRCP 37(b)(2)(A) (emphasis added).  Similarly, Rule 37(d) states in relevant part:

> The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition.
>
> (3) Sanctions may include any of the orders listed in Rule 37(b)(2). . . . Instead of or in addition to these sanctions, the court may require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure.

FRCP 37(d).  Here, defendants move for dismissal of Martinez with prejudice due to plaintiff's conduct in hindering defendants' legitimate discovery efforts (Dkt. No. 79).

A district court should consider five factors — known as the *Malone* factors — before ordering a sanction of dismissal under FRCP 37:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987).

Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive.

A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Id*. at 131.  Delay alone has been held to be insufficient prejudice. *See United States for the Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Construction Co.*, 857 F.2d 600, 604 (9th Cir.1988).  Failure to produce documents as ordered, however, is considered sufficient prejudice. *Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir.1982).

Here, the repeated failure of Martinez to appear at scheduled depositions compounded by her continuing refusal to comply with court orders constitutes an interference with the orderly resolution of the action.  Therefore, prejudice has been established under *Malone*.

The fifth factor of the *Malone* test is violated if dismissal is imposed without first considering the impact of the sanction and the adequacy of less drastic sanctions. *Malone*, 833

3

F.2d at 131. Our court of appeals conducts a three-part analysis when determining whether a district court has properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal? *Malone*, 833 F.2d at 132.

*First*, three attempts have been made to obtain plaintiff Martinez's deposition; none were availing. Before applying this sanction, a prior order told Martinez for a third time to provide a deposition and plaintiff's counsel was fined for failing to appear at a discovery conference (Dkt. No. 70). Plaintiff Martinez was warned that if she failed to abide by the order, "her case [would be] dismissed for lack of prosecution and for violating this order" (*ibid.*). Still, plaintiff failed to attend her scheduled deposition. An order was then issued to allow plaintiff to show cause for failing to attend the deposition (Dkt. No. 83). No response was given. Martinez has not complied with past sanctions, and there is no reason to believe she would in the future. Therefore, the requirement that alternative sanctions be considered before imposing dismissal has been satisfied.

*Second*, as set out above, the undersigned judge did impose alternative sanctions before dismissing the action, thus satisfying the second prong of the test to determine whether a district court has imposed alternatives to dismissal.

*Third*, the September 25 order specifically warned plaintiff that a failure to appear at her deposition would mean her dismissal from the lawsuit (Dkt. No. 70). This satisfies the requirement that the court identify the party's action that will lead to the sanction.

The five-part test announced in *Malone* is viewed as a balancing test. Here, the first three factors weigh in favor of sanctions, dismissal and default. The fifth factor, consideration of alternatives, also weighs in favor of dismissal or default in light of the undersigned judge's repeated use of alternative sanctions and his warning of dismissal.

4

**CONCLUSION**

After careful consideration of the *Malone* factors, and pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, defendants' motion to dismiss plaintiff Martinez *with prejudice* is hereby **GRANTED**. As for plaintiffs' counsel's conduct, it may be taken into consideration in the subsequent motion for class certification.

**IT IS SO ORDERED.**

Dated: October 22, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE