IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERESA ANN MARTINEZ,

    Plaintiff,

v.

EXTRA SPACE STORAGE, INC., a Maryland corporation, EXTRA SPACE MANAGEMENT, INC., a Utah corporation, and DOES 1 through 100, inclusive,

    Defendants.

No. C 13-00319 WHA

**ORDER RE ATTORNEY'S FEES**

## INTRODUCTION

In this action for violations of the Self-Service Storage Facility Act, defendants bring the present motion for attorney's fees. Plaintiff was dismissed pursuant to Federal Rules of Civil Procedure 37(b)(2). To the extent stated below, the motion for attorney's fees is **GRANTED**.

## STATEMENT

In September 2009, plaintiff contracted with defendants to rent a storage space at their California facility. At an unspecified point, defendants determined that plaintiff was delinquent in paying her rent for the storage space. Defendants contracted with third-party auctioneers to auction plaintiff's belongings in early 2010. After the auction, defendants allegedly sent the auction proceeds from California, where the auction occurred, to their corporate offices in Utah. Plaintiff alleged auctions and transfers were a regular practice.

In December 2012, plaintiff filed a putative class action in California state court; defendants removed here. Plaintiff alleged that the auction violated several provisions of

California's Self-Service Storage Facility Act, California Business and Professions Code § 21700 et seq., and alleged a claim for conversion; two California claims under the Unfair Competition Act, California Business and Professions Code § 17200 et. seq, and under Interference with Statutory Rights, California Civil Code § 52.1; and one federal RICO claim, 18 U.S.C. 1962.

During the discovery process, defendants Extra Space Storage, Inc. and Extra Space Management, Inc. moved by letter brief to dismiss plaintiff Martinez for failing to appear for her properly-noticed depositions a total of three times (Dkt. No. 79). On September 25, 2013, plaintiff's counsel was ordered by the undersigned judge to set a date on which Martinez would appear for her deposition (Dkt. No. 70). Plaintiff was warned that if she failed to appear for her third scheduled deposition, she would be dismissed from the lawsuit. Plaintiff's counsel was further ordered to pay $200 to defense counsel for his unexcused failure to appear at the discovery conference on that day, to partially compensate for the waste of defense counsel's time. Following a meet and confer, the parties agreed that Martinez would appear for her deposition on Wednesday, October 9; she failed to do so yet again. Plaintiff was ordered to show cause for her failure to attend the October 9 deposition (Dkt. No. 83). Martinez's response was due by Thursday, October 17; none was received.

On October 22, plaintiff was dismiss from the action with prejudice pursuant to Rule 37(b) of the Federal Rules of Civil Procedure due to her refusal to submit to a deposition or obey court orders (Dkt. No. 85). Judgment was entered that day.

On November 5, defendants filed this motion for attorney's fees. Pursuant to Civil Local Rule 54-5, counsel met and conferred on November 1 for the purpose of attempting to resolve any disputes with respect to this motion (Escalante Decl. ¶ 1). No resolution was forthcoming.

On December 12, a properly-noticed hearing was held. Plaintiff's attorney failed to appear without giving notice or explanation for his absence. The undersigned judge asked defense counsel to wait for an hour and a half in the event that plaintiff's attorney was running late. Plaintiff's attorney never appeared and the hearing was held in his absence. This order follows full briefing.

**ANALYSIS**

Under the American rule, the prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). A statute or enforceable contract allocating attorney's fees, however, can overcome this rule. State law governs the enforceability of attorney's fees in contract provisions. *Security Mortgage Co. v. Powers*, 278 U.S. 149, 154 (1928). California permits parties to allocate attorney's fees by contract. *See* Cal. Code Civ. Proc.1021.

Specifically, California Code of Civil Procedure Section 1032(b) entitles the prevailing party to recover costs. Attorney's fees are allowable as "costs" under Section 1032 when authorized by statute. Cal. Code Civ. Proc. 1033.5(a)(10)(B). The statute defines "prevailing party" to include "a defendant in whose favor a dismissal is entered." Cal. Code Civ. Proc. 1032(a)(4).

1. **SECTION 1717.**

The ability to contract out of the American rule is circumscribed by California Civil Code Section 1717(a), which provides:

> In any action *on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

(emphasis added). Paragraph twenty-two of the rental agreement between the parties included a fee clause, providing that:

> Occupant agrees to pay all costs, charges and expenses, including reasonable attorney's fees, incurred by Owner in connection with the collection of rent, the enforcement of any rights *under this Agreement* or any litigation *in connection with this Agreement*, except where Occupant prevails in such litigation.

(Duncan Exh. A ¶ 22) (emphasis added).

Section 1717 of the California Civil Code applies only in an action "on a contract." An action "on a contract," within the meaning of Section 1717 is an action "brought to enforce the contract['s] provisions." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1267 (9th Cir. 2010). If an action asserts both contract and tort or other non-contract claims, Section 1717 only applies to

3

attorney's fees incurred in litigation of the contract claims. *Acree v. General Motors Acceptance Corp.*, 92 Cal. App.4th 385, 405 (2001).

As for the tort claims raised by plaintiff, the question of whether to award attorney's fees turns on the language of the contractual attorney's fee provision, *i.e.*, whether the party seeking fees has "prevailed" within the meaning of the provision and whether the type of claim is explicitly within the scope of the provision. This distinction between contract and tort claims flows from the fact that a tort claim is not "on a contract" and is therefore outside the ambit of Section 1717, unless the contract states otherwise. *Exxess Electronixx v. Heger Realty Corp.*, 64 Cal. App.4th 698, 708 (1998).

Likewise, courts interpreting California law have held that statutory claims are not based "on the contract" unless specifically referenced therein. For example, where a claim was brought under the California Environmental Quality Act ("CEQA"), the California court of appeal held that the trial court erred by adjudicating whether the defendants owed attorney's fees in the context of the CEQA claim. The court held, "it is axiomatic that before a party may recover attorney fees as the prevailing party in an action on a contract, that party must in fact have prevailed in an action on the contract at issue. While [plaintiffs] prevailed in the CEQA action in the trial court, the instant CEQA action was not an action on the contract." *Silverado Modjeska Recreation and Parks Dist. v. County of Orange*, 197 Cal. App.4th 282, 310 (2011).

Similarly, in *In re Johnson*, our court of appeals refused to award attorney's fees pursuant to California law and a contractual provision because the underlying stay litigation raised federal statutory issues rather than issues relating to the contract. In reaching this holding, the court noted that stay litigation is limited to three issues and that these issues did not include the validity of the contract. Because the parties did not litigate the validity of the contract in the underlying bankruptcy action, the court reasoned that the bankruptcy court did not apply state law governing contractual relationships in resolving the substantive issue. Instead, the court determined that federal law governed the substantive dispute and that, therefore, federal law should govern the awarding of attorney fees. Since no federal statute authorized an award of attorney fees, the court

held that the debtor was not entitled to recover his attorney fees. 756 F.2d 738, 740–41 (9th Cir. 1985).

Applying the principles articulated in *Silverado* and *In re Johnson*, this order holds that the this putative class action was not one sounding in contract. It was solely based upon defendants' alleged violations of the Self-Service Storage Facility Act.

**2.    SECTION 1021.**

Defendants also argue they are entitled to attorney's fees under Code of Civil Procedure Section 1021. Section 1021 states in pertinent part:

> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties.

Defendants urge a broad reading of the phrase in the rental agreement "any litigation in connection with this Agreement" (Duncan Exh. A ¶ 22). To support their position, defendants cite *Lerner v. Ward*, 13 Cal. App. 4th 155, 159 (1993). In *Lerner*, the California court of appeal found that a fees clause covering actions, "arising of out this agreement," was not limited merely to an action on a contract, but to any action or proceeding arising out of the agreement, including actions for fraud.

Similarly, where an agreement awarded fees to the prevailing party in any "lawsuit or other legal proceeding" to which "this Agreement gives rise," the state court of appeal found it sufficiently broad "to encompass both contract actions and actions for tort." *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App.4th 1338 (1992). In *Xuereb*, plaintiffs sued sellers and others for delivering real property in a defective condition. Plaintiffs alleged failure to conduct a competent, diligent inspection of the property during escrow and negligent handling of the transaction. *Id.* at 1343. Plaintiffs sued and tried the action on a variety of tort causes and for breach of contract. During trial, plaintiffs dropped their contract theory and the trial court denied a motion for attorney's fees for that reason. The court of appeal reversed, holding the fees provision was sufficiently broad to encompass non-contract claims for relief.

Here, the clause in the contract concerning attorney's fees was similar to the clauses in *Lerner* and *Xuereb*. The clause was not limited merely to an action on the contract, but to any

5

"litigation in connection with the Agreement" (Duncan Exh. A ¶ 22). This includes actions for fraud and statutory violations. Accordingly, when plaintiff Martinez was dismissed from the lawsuit with prejudice pursuant to FRCP 37(b) due to her refusal to submit to a deposition or obey court orders, defendants became the prevailing party and they were entitled to recover reasonable attorney's fees and costs pursuant to the terms of the agreement.

Plaintiff Martinez was dismissed on procedural grounds and the merits of her action were never fully adjudicated. Whether or not defendants sold plaintiff's property illegally was never determined. Plaintiff was not the only named class representative and after she was dismissed, the action proceeded without her. Accordingly, equity requires that defendants recover only the costs associated with their good-faith attempts to take plaintiff Martinez's deposition. Fees and costs associated with defeating the class action in general must be excluded.

## CONCLUSION

For the foregoing reasons, defendants' request for attorney's fees is **GRANTED**. Defendants will have to apportion their overall fees so as to isolate only reasonable fees associated with taking plaintiff's deposition. A companion order will give further direction.

**IT IS SO ORDERED.**

Dated: December 16, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6