IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIFFANY CURTIS, on behalf of herself and
all persons similarly situated,

    Plaintiff,

  v.

EXTRA SPACE STORAGE, INC., a
Maryland corporation, EXTRA SPACE
MANAGEMENT, INC., a Utah corporation,
and DOES 1 through 100, inclusive,

    Defendants.

No. C 13-00319 WHA

**ORDER DENYING
MOTION TO INTERVENE
AND VACATING HEARING**

## INTRODUCTION

In this action for violations of the Self-Service Storage Facility Act, thirty of the storage facility's former tenants move to intervene pursuant to FRCP 24. For the following reasons, the motion to intervene is **DENIED**.

## STATEMENT

The relevant facts have been explored in a prior order (Dkt. No. 109). The facts behind this motion can be summarized briefly. On August 15, 2013, the undersigned judge held that defendants must turn over to plaintiff the names and contact information of 1,000 potential class members (Dkt. No. 57).

After the denial of class certification, thirty of defendants' former tenants, twenty-nine of whom were disclosed to plaintiff by defendants pursuant to the August 15 order, filed a motion to intervene in the instant action as either by right or by permission (Dkt. No. 111).

1    On December 2, defendants filed a letter brief alleging that plaintiff's counsel, Jeffery
2 Wilens, had used the contact information obtained from defendants to solicit new clients
3 (Dkt. No. 114). On December 3, the undersigned judge ordered the parties to attend a meet-and-
4 confer concerning the foregoing dispute.

5    On December 6, the parties stipulated that plaintiff would return to defendants all
6 documents containing the information produced pursuant to the August 15 order. Plaintiff's
7 counsel was to cease-and-desist from using the contact information obtained from defendants.
8 The stipulation did not apply to the thirty individuals on whose behalf plaintiff and her counsel
9 had already filed a motion to intervene. Defendants reserved the right to challenge plaintiff
10 counsel's use of the contact information in connection with the thirty putative interveners. The
11 stipulation also called for *in camera* review of plaintiff counsel's correspondences with the
12 putative interveners, however, the undersigned judge instead ordered plaintiff's counsel to
13 tentatively file them under seal (Dkt. No. 118). In response, plaintiff's counsel filed exemplars
14 under seal and they were reviewed by the undersigned judge (Dkt. No. 121).

15    This order addresses the motion to intervene filed on November 25, 2013, and follows
16 full briefing.

## ANALYSIS

### 1. INTERVENTION AS OF RIGHT.

Intervention as of right is appropriate, upon timely application, "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FRCP 24(a). The Ninth Circuit has held that an applicant seeking intervention as of right must meet four requirements: "(1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the

2

applicant's interests." *Donnelly v. Glickman*, 159 F.3d 406, 409 (9th Cir. 1998) (internal citation omitted). FRCP 24(a)(2) is generally interpreted "broadly in favor of intervention." *Ibid*.

Intervenors cannot demonstrate intervention as of right pursuant to FRCP 24(a)(2) because their request is not timely. The April 4 case management scheduling order set May 31, 2013, as the deadline for adding new parties. Thus, this motion is nearly six months late. Plaintiff cites the Supreme Court decision of *Crown, Cork & Seal Co., Inc. v. Parker* for the proposition that class members cannot generally intervene prior to denial of class certification. 462 U.S. 345 (1983). Plaintiff argues that an "overly strict reading of the timeliness requirement of Rule 24 could place class members in a position where they are compelled to intervene prematurely in every class action" (Reply Br. 6). Plaintiff, however, misconstrues the Supreme Court's holding in *Crown*. There, the Court held that the filing of a class action tolls the statute of limitations. *Id*. at 345–46. The Court did not hold that intervention as of right is preserved past any deadlines previously set by the Court. Accordingly, the motion to intervene is not timely and intervenors cannot demonstrate that it is their right.

**2. PERMISSIVE INTERVENTION.**

In the alternative, permissive intervention may be granted where the applicant demonstrates "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. FRCP 24(b); *Nw. Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FRCP 24(b).

Defendants object, and plaintiff admits, that taking the depositions of all thirty prospective intervenors may not be feasible by the discovery cutoff date of March 31, 2014 (Br. 5; Opp. 8). Plaintiff also admits that plaintiff Curtis "[does] not allege she suffered each of the violations that the intervenors suffered" (Br. 3). Accordingly, to allow intervention would require defendants to prepare new defenses against new theories of liability. Accordingly, the Court declines to exercise its discretion to allow permissive intervention here due to the resulting prejudice to defendants.

3

### 3. PROTECTIVE ORDER ISSUE.

Defendants argue that the August 15 order bars plaintiff's counsel from representing the prospective intervenors either in this action or separately. The order at issue compelled discovery of 1,000 potential class members so that plaintiff could collect additional evidence in advance of the September 26 deadline for class certification (Dkt. No. 57). Defendants objected to the discovery on the grounds that plaintiff's counsel had allegedly used a similar tactic in the past to solicit new clients for follow-on lawsuits. The defendants' contention, however, was unsupported by the evidence and the order held that sufficient protections were in place to protect any privacy concerns of potential class members.

While the motion to intervene is denied, this order does *not* hold that plaintiff's counsel is barred from bringing separate actions on behalf of the prospective intervenors. Defendants cite an excerpt of the August 15 order which stated, "[plaintiff's counsel] may use the disclosed contact information solely for the purposes of this litigation. For the avoidance of doubt, this restriction includes, but is not limited to, using the disclosed information to solicit clients for future actions against defendants" (*ibid.*). Defendants argue that this language restricts "the use of the contact list to prosecuting the claims of the named plaintiffs at the time and those of the class if a class was certified" (Opp. 15).

Defendants read the language of the order too narrowly. The order does not distinguish between using the contact list to represent prospective tenants as class members or as intervenors. The language merely states that plaintiff's counsel is to use the information obtained in connection with "this case" and "this litigation." Having reviewed the communications between plaintiff's counsel and the prospective intervenors in a prior order, the undersigned judge found nothing untoward nor any evidence that plaintiff's counsel planned to contact the defendants' former tenants in connection with separate litigation (Dkt. No. 130). The letters suggest that plaintiff's counsel was solely focused on identifying other tenants who had suffered a harm similar to plaintiff Curtis and who could potentially act as putative class members. As such, plaintiff's counsel did not violate prior protective orders.

4

The August 15 order did not, however, restrict prospective plaintiffs from requesting representation once class certification had been denied. It is true that once plaintiff's counsel contacted the thirty intervenors that they were more likely to request his services either in this action or in a separate action. That was a bell that cannot be unrung. Whether plaintiff's counsel should be barred from representing these individuals when it was his intention to represent them in this action is a separate issue that the August 15 order did not decide. Accordingly, prospective plaintiffs are free to choose plaintiff's counsel, Mr. Wilens, or any other counsel of their choosing, if they wish to pursue claims against defendants.

## CONCLUSION

For the foregoing reasons, the motion to intervene is **DENIED**. This will be, however, without prejudice to the intervenors filing separate actions against defendants, in which case the new actions may, upon notice, be related to the undersigned judge.

Dated: December 26, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE